813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Preston HEFFINGER, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD and
United States Steel Corporation, Respondents.
 No. 85-1717.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 26, 1986.
 
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 Deborah K. Garton (Frederick K. Muth; Hensley, Muth, Garton & Hayes, on brief), for petitioner.
 Bruce A. McDonald, U.S. Department of Labor (Francis X. Lilly, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation, on brief), for respondent, Director, Office of Workers' Compensation Programs, U.S. Department of Labor; Louis A. Raimond for Respondent U.S. Steel Corporation.
 PER CURIAM:
 
 
 1
 Preston Heffinger (Claimant), a 62-year-old coal miner with over 40 years employment in coal mines, appeals from the decision of the Benefits Review Board (Board) affirming the denial by an administrative law judge (ALJ) of his claim for black lung disability benefits.[1] The Board decision is affirmed in part, reversed in part and remanded.
 
 
 2
 The ALJ found that Claimant's x-ray evidence did not establish the irrebuttable presumption of total disability due to pneumoconiosis under 30 U.S.C.A. Sec. 921(c)(3) (West 1986), but held that he had established the interim presumption under 20 C.F.R. Sec. 727.203(a)(1) (1986).[2] However, the ALJ ultimately denied benefits finding that U.S. Steel, Claimant's employer, rebutted the presumption under 20 C.F.R. Sec. 727.203(b)(3) (1986) with evidence that the total disability of the miner did not arise in whole or in part from coal mine employment.
 
 
 3
 On review, the Board affirmed the conclusion of the ALJ that the opinions of a pulmonary expert and two internists deserve greater weight than that of a pathologist. The Board found that U.S. Steel established that Claimant is not totally disabled by a respiratory impairment under Section 727.203(b)(2) because he is able to do his usual coal mine work or comparable and gainful work. The Board rejected the contention that the credibility finding of the ALJ was irrational.
 
 I.
 
 4
 Dr. Hippensteel, an internist with a specialty in pulmonary diseases, examined Claimant on October 2, 1980. He found that the chest x-ray was consistent with simple coal workers pneumoconiosis, pulmonary function tests showed minimal air flow obstruction, the arterial blood gases showed mild hypoxemia, and the electrocardiogram showed non-specific mild abnormality. Dr. Hippensteel diagnosed Claimant as "appearing" to have simple coal workers pneumoconiosis, with only minimal air flow obstruction. He stated that the mild abnormality in gas exchange "could well be from his cardiovascular disease more than his pneumoconiosis." He concluded that "I do think his overall medical problems make him unable to work at his regular job in the coal mine, but I do not think that he is disabled from a coal workers pneumoconiosis or from a pulmonary standpoint."
 
 
 5
 In deposition on December 10, 1981,[3] Dr. Hippensteel was asked his opinion of the cause of Claimant's disability. He stated: "I think that he [Claimant] gave a history that he had been in congestive heart failure before and that exercise would precipitate increased cardiac stress and that was the cause for his being unable to work and exert himself." He further stated that the pneumoconiosis "was not affecting his function significantly." He testified that he found no relation between the heart problem and the pneumoconiosis. Dr. Hippensteel acknowledged that he did not have access to a report from the University of Virginia Medical Center concerning Claimant's prior heart condition.
 
 
 6
 Dr. Buddington, a pathologist, examined Claimant on June 18, 1981. A chest x-ray revealed that Claimant had complicated pneumoconiosis and arterial blood gases were abnormal. Dr. Buddington diagnosed Claimant as having moderate chronic pulmonary disease and noted that although there was no evidence of congestive heart failure or decreased cardiac output, his heart disease etiology was unclear. He stated that "the patient may be able to perform some heavy physical labor for brief periods of time with long periods of rest in between." Dr. Buddington noted that Claimant gave a history of the 1979 University of Virginia Medical Center hospitalization, but he admitted in deposition that he did not review the actual report.[4]
 
 
 7
 Dr. Rectenwald and Dr. Leef, partners in the same medical practice, examined Claimant on September 28, 1981, and concluded that he had occupational pneumoconiosis without impairment and atherosclerotic coronary vascular disease with impairment. Their report indicates that they took a chest x-ray which revealed occupational pneumoconiosis, but the report does not categorize the degree of severity. No cardiac testing was performed other than observation of heart sounds which were "not remarkable."
 
 
 8
 The University of Virginia Medical Center discharge summary indicates that Claimant was admitted on December 9, 1979 for evaluation of chest pains.[5] Claimant's medical history reveals that he was also hospitalized in October and again in November 1979 with chest pains which were treated as congestive heart failure, but myocardial infarction was ruled out both times. During the December hospitalization Claimant underwent extensive cardiac testing including chest x-ray, electrocardiogram, echocardiogram, and coronary angiography. Constrictive pericarditis was ruled out, but the primary discharge diagnosis was simply "atypical chest pain."
 
 
 9
 A February 1979 x-ray was read as simple pneumoconiosis. Dr. Buddington's report notes an x-ray that revealed complicated pneumoconiosis.
 
 
 10
 This sole x-ray reading of complicated pneumoconiosis was directly contradicted by two certified "B" readers who found that the same x-ray indicated only simple pneumoconiosis. Additionally, two other x-rays were read as showing only simple pneumoconiosis. Clearly, the finding of the ALJ that Claimant does not have complicated pneumoconiosis is supported by substantial evidence. Therefore, Claimant is not entitled to the irrebuttable presumption under 30 U.S.C.A. Sec. 921(c)(3) (West 1986).
 
 II.
 
 11
 Claimant argues that the findings of the ALJ and the Board that the interim presumption was rebutted are unsupported by the evidence. Bethlehem Mines Corp. v. Massey, 736 F.2d 120 (4th Cir.1984). The ALJ found that the presumption had been rebutted under 20 C.F.R. Sec. 727.203(b)(3) (1986) by evidence which established that the total disability of the Claimant did not arise in whole or in part from coal mine employment. However, the Board found that the presumption was rebutted under subsection (b)(2) because the evidence established that the Claimant is able to do his usual coal mine work or comparable and gainful work. Neither the finding of the ALJ nor the Board is supported by substantial evidence.
 
 
 12
 First, the Board does not explain why it independently determined that the interim presumption was rebutted under subsection (b)(2) rather than (b)(3). Its determination may be based on the ALJ's statement that "[i]n this case, all of the physicians who expressed an opinion agreed that claimant could perform his normal coal mine employment, with the exception of Dr. Buddington and he was of the opinion that claimant could engage in heavy manual labor to the extent necessary to perform his duties as I have found them." However, contrary to the ALJ's statement, Dr. Hippensteel, whose opinion the ALJ determined was entitled to the greatest weight, specifically stated that Claimant's overall medical problems make him unable to work at his regular job in the coal mine. Drs. Rectenwald and Leef gave no opinion as to Claimant's work abilities. Dr. Buddington stated that Claimant "may" be able to perform some heavy physical labor for brief periods of time with long periods of rest in between.
 
 
 13
 There is no substantial evidence to support a finding that Claimant can perform his normal coal mine employment. Dr. Hippensteel's opinion directly contradicts any such finding and the equivocal opinion of Dr. Buddington is not substantial enough to support such a finding. There is no evidence as to Claimant's ability to perform comparable and gainful work.
 
 
 14
 The ALJ found that the interim presumption was rebutted under subsection (b)(3) by evidence that established that Claimant's disability is a result of his heart condition and he is not totally disabled by reason of his pneumoconiosis. Claimant correctly argues that the employer did not meet its burden of "[ruling] out the causal relationship between the miner's total disability and his coal mine employment in order to rebut the interim presumption." Bethlehem Mines Corp. v. Massey, 736 F.2d at 123.
 
 
 15
 In Bethlehem Mines, this Court, relying on legislative history, held that the "in whole or in part" language of 20 C.F.R. Sec. 727.203(b)(3) (1986) requires that the employer establish that the miner's primary condition was not aggravated to the point of total disability by prolonged exposure to coal dust. Pneumoconiosis contracted during coal mine employment need not be the exclusive causative factor of the miner's total disability and the employer cannot focus solely on the disabling potential of the miner's pneumoconiosis. Rather, the burden is on the employer to disprove the causal relationship between coal mine employment and total disability.
 
 
 16
 It is undisputed that Claimant has pneumoconiosis and Dr. Hippensteel's opinion makes it clear that he is totally disabled from his regular coal mine work. Therefore, the pivotal issues are whether Claimant has a primary heart condition and if so, whether that condition is aggravated to the point of total disability by his pneumoconiosis. On the present record, there is no substantial evidence that Claimant has a primary heart condition since Dr. Hippensteel's opinion is based on a medical report he has never reviewed and the opinions of Drs. Rectenwald and Leef are not based on objective test results. Consequently, Dr. Hippensteel's opinion that Claimant is disabled from congestive heart failure, unaffected by his pneumoconiosis, is also unsubstantiated.
 
 III.
 
 17
 In conclusion, the finding of the ALJ that Claimant does not have complicated pneumoconiosis and is not entitled to the irrebuttable presumption of total disability is affirmed. The finding of the Board that U.S. Steel rebutted the interim presumption by establishing that Claimant can perform his usual coal mine work or comparable and gainful work is reversed. Also, the finding of the ALJ that U.S. Steel rebutted the interim presumption by establishing that Claimant is not disabled in whole or in part from coal mine employment is reversed. The case is remanded for reconsideration of the present record in light of the discharge summary of the University of Virginia Medical Center.
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Respondent, Director of the Office of Workers' Compensation Programs, U.S. Department of Labor, has taken the unusual position of supporting Claimant's appeal
 
 
 [2]
 A claimant may establish an irrebuttable presumption that he is totally disabled due to pneumoconiosis with x-ray evidence of complicated pneumoconiosis. He may establish an interim presumption of total disability due to pneumoconiosis with x-ray evidence of any degree of the disease
 
 
 [3]
 There is no indication in the decision of the ALJ that he considered this deposition testimony in rendering his decision
 
 
 [4]
 It also appears that the ALJ did not consider this deposition testimony in his decision
 
 
 [5]
 The only reference by the ALJ to this report is that Claimant was unable to complete his stress test